IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEION NATHANIEL HICKS, | ) |
| | ) |
| v. | ) Civil Action No. 3:21CV581–HEH |
| | ) |
| UNKNOWN, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2254 Petition for Lack of Exhaustion)

Petitioner, a Virginia detainee proceeding *pro se*, filed this 28 U.S.C. § 2254 petition. ("§ 2254 Petition," ECF No. 1.) Petitioner is currently detained on criminal charges that were certified to a grand jury in the Circuit Court for the City of Richmond ("Circuit Court") on or about June 17, 2021. (*Id.* at 1–5.) Petitioner has not been convicted or sentenced.[1] (*Id.*)

"As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston*, 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns*, 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush*, 553 U.S. 723, 793 (2008)). "Relief for state pretrial detainees through a federal petition for a

---

[1] According to the Virginia Courts Case Information webpage, Petitioner has a Motion to Suppress hearing on January 24, 2022 and a jury trial on February 22, 2022. *See* http://ewsocis1.courts.state.va.us/CJISWeb/circuit.jsp (select "Richmond City Circuit Court" from the drop-down menu, and then follow the "Begin" button; type "Hicks, Keion," and then follow the "Search by Name" button; then follow the hyperlinks for "CR21F02029–00, CR21F02030–00, and CR21F2021–00"). (Last visited December 30, 2021).

writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Younger v. Harris*, 401 U.S. 37, 49 (1971); *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)); *see also Brazell v. Boyd*, No. 92-7029, 1993 WL 98778, at *1 (4th Cir. Apr. 5, 1993) (concluding "pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and 'special circumstances' justify the provision of federal review" (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987))). Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand.").

Petitioner's submissions failed to indicate that the claims he presented could not be resolved either by (1) a trial on the merits in the Circuit Court, or (2) subsequent direct appeal or collateral review. *Accord Gould v. Newport News*, No. 2:08cv465, 2008 WL 7182638, at *5 (E.D. Va. Nov. 5, 2008) (summarily dismissing habeas petition because the petitioner's grounds for habeas relief "could be defenses in his upcoming criminal

prosecution"); *cf. Williams v. Simmons*, No. 3:10CV709–HEH, 2011 WL 2493752, at *1–2 (E.D. Va. June 22, 2011) (dismissing habeas petition by pretrial detainee without prejudice). Accordingly, by Memorandum Order entered on November 16, 2021, the Court directed Petitioner to show cause, within eleven (11) days of date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion.

Petitioner filed a response to the Court's Order to Show Cause. (ECF No. 4.) However, Petitioner's response fails to demonstrate that he has properly exhausted his state remedies. Further, Petitioner fails to demonstrate that his claims could not be resolved either by a trial, or through the subsequent direct appeal or collateral review process in state court. Finally, Petitioner fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time.

Accordingly, Petitioner's § 2254 Petition and the action will be dismissed without prejudice. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Jan. 5, 2022
Richmond, Virginia